**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

EDGAR TEJEDA JESUS,

      Petitioner,

      v.

ERNESTO SANTACRUZ, et al.,

      Respondents.

No. 5:26-cv-02181-AH-BFM

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, and the Magistrate Judge's Report and Recommendation. No objections were filed. The Court accepts the recommendations of the Magistrate Judge.

While Petitioner did not file objections, he did file an amended petition. Federal habeas petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. His amendment, therefore, is judged under the standard set by Rule 15 of the Federal Rules of Civil Procedure. *In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("'Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.'" (citations omitted)). Under Rule 15, Petitioner had a right to amend his Petition within 21 days of service, or 21 days after service of a

responsive pleading. Fed. R. Civ. P. 15(a)(1). His amended pleading was not filed within either of those time frames: Respondents filed their Answer on May 5, 2026 (ECF 9), and Petitioner signed the verification on his Petition on June 2, 2026 (ECF 17 at 23). As such, he needs the permission of the Court to file an amended petition. The Court will therefore treat the filing of the amended petition as a request for leave to amend.

Leave of court is to be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). That policy is to be applied "with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted). Even so, leave may be denied "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation and internal quotation marks omitted).

Here, Petitioner's proposed amended pleading would amend Petitioner's due process claim and would add a claim of unlawful cooperation between DHS and state authorities. His due process claim is not meaningfully different from the due process claim in his initial Petition; it still relies on cases concerning the due process rights of those released on parole. Petitioner, as a visa overstay whose deferred action lapsed and who was never granted any form of parole, had no such conditional liberty interest. The amended petition also continues to argue that due process is violated by his continued detention without a likelihood of imminent removal, even though Petitioner is not yet subject to an administratively final removal order. For the reasons explained in the Magistrate Judge's Report and Recommendation (ECF 15 at 2-4), permitting leave to amend these due process claims is futile.

Though due process might not require a pre-deprivation hearing in his case, it appears Petitioner is entitled to a bond hearing—and it does not appear

Respondents dispute that point. (ECF 9 at 8 (noting that Petitioner "can readily challenge his short detention before an IJ" in a bond hearing).) Should Petitioner seek a bond hearing and be unable to access that relief, he may file a new petition raising any claims.

With respect to his claims concerning collaboration between DHS and state authorities—in the form of shared information about the status of his state criminal case—Petitioner has not adequately stated a claim that would entitle him to relief. Indeed, he points to no federal law or provision of the U.S. Constitution that preclude law enforcement authorities from sharing such information.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted;

2. The Petition (ECF 1) is dismissed with prejudice;

3. Leave to file the First Amended Petition (ECF 17) is denied on futility grounds.

4. Judgment shall be entered consistent with this Order; and

5. The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED:  JULY 2, 2026

_____
HONORABLE ANNE HWANG
UNITED STATES DISTRICT JUDGE

3